CHURCH OF THE UNITED SOCIETY IN CANTERBURY *vs.* SUSAN
WINKLEY, Administratrix.

A debt from which the debtor has been discharged in bankruptcy cannot be revived by the expression of an intention to pay it at a future time, without a distinct promise to pay it; and whether such a promise can be inferred from the evidence is to be determined by the jury.

ACTION OF CONTRACT on four promissory notes signed by John Winkley, the defendant's intestate. Answer, a certificate of discharge in bankruptcy. Replication, a new promise to pay the notes.

At the trial in this court, David Parker, the payee of the note, and a trustee of the plaintiffs, testified that said Winkley, on several occasions since his discharge, (some of which the witness specified,) promised unconditionally to pay these notes; and another witness called by the plaintiffs testified that on a different occasion said Winkley told him he always meant to pay this debt, had frequently given the plaintiffs that assurance, and had recently told Parker so. A witness called by the defendant testified that Parker told him that Winkley promised "to pay the notes, if he got anything out of the old Locke & Winkley partnership concern."

The plaintiffs' counsel contended that this testimony, if true, was evidence of a promise to pay the debt. There was other evidence in the case, besides that above stated. The defendant contended that her testator had never made any new promise, but only expressed an intention to pay the debt upon the occurrence of a certain contingency named by him.

*Merrick,* J. instructed the jury, "that the liability of a party, who had been discharged in bankruptcy from the payment of all his debts, may be revived, in relation to any particular debt, by a new and subsequent promise to the creditor to pay it, but will not be revived, without such promise, by the expression of a mere intention to pay it at some future time; that there is a manifest distinction between an intention and an agreement to

pay the debt, and of course a like distinction between the expression of such an intention and the making of a new promise to pay it; and therefore if a debtor, without making any new promise, should express to his creditor in the strongest terms his intention ultimately to pay the debt, this would not be sufficient to revive his liability; but that the promise, which would be sufficient to revive the liability of the debtor, need not be in express terms, and it would be competent for a jury to infer such promise from what was proved to have been said, if upon deliberation they should be of opinion that such inference was fairly and properly to be deduced from the evidence; that in this case it was for the jury to determine what was the effect of the evidence, and the proper conclusion to be deduced from it, and whether it was sufficient to prove a new promise by the defendant; that if the defendant only expressed an intention to pay the debt sued for at some future time, or upon the occurrence of a particular contingency named by him, and did not promise to pay the debt, his discharge in bankruptcy was a bar to the maintenance of this action; but that if he did promise to pay the debt, their verdict ought to be for the plaintiffs for the amount of the notes and interest thereon."

The jury found a verdict for the defendant, and the plaintiffs alleged exceptions, in which the case was stated as above.

*O. P. Lord & S. B. Ives, Jr.* for the plaintiffs.

*H. C. Hutchins,* for the defendant.

METCALF, J.  The instructions to the jury conformed to the law, as it has been repeatedly adjudged, and the plaintiffs have no legal ground for their exceptions. *Merriam* v. *Bayley,* 1 Cush 78.  *Pratt* v. *Russell,* 7 Cush. 464.    *Exceptions overruled.*